UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARION S. BRANDENBERGER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CV-117 |
| NORFOLK SOUTHERN RAILROAD CO., | ) | |
| Defendant. | ) | |

## OPINION and ORDER

Marion Brandenberger, a prisoner confined at the Elkhart County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that on August 22, 2009, he was crossing several railroad tracks when a "railroad cop . . . placed me under arrest for trespassing. As I turned around, I was tackled from behind with my hands cuffed behind my back. When I regained consciousness I was in excruciating pain and ended up in the hospital in the trauma unit with 4 broken ribs and a punctured and a collapsed lung and no longer under arrest." (DE # 1 at 3.) Brandenberger names the Norfolk & Southern Railroad, the employer of the security guard he alleges used excessive force on him, as the sole defendant.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a

motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived her of a federal right [and] . . . he must allege that the person who has deprived her of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Brandenberger brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Brandenberger is not suing the officer who he alleges abused him; he is suing the officer's employer, the Norfolk & Southern Railroad, apparently under a *respondeat superior* theory. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or

2

direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). A corporation is not vicariously liable under § 1983 for the actions of its employees, and may only be held liable for its own unconstitutional policies. *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006); *see also Allen v. Columbia Mall, Inc.*, 47 F.Supp.2d 605, 612-613 (D.Md. 1999) (no vicarious liability and shopping mall is not a state actor). Brandenberger states no claim upon which relief can be granted against the Norfolk & Southern Railroad.

The complaint does not name the security officer who Brandenberger alleges used excessive force on him, but he could amend his complaint to name that officer as a defendant. Accordingly, the court will consider whether the security officer could be a proper defendant.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Id.* at 395 (emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual

3

punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Brandenberger's allegations arise from an arrest or investigatory stop of a free citizen, so this complaint must be brought pursuant to the Fourth Amendment.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). Giving Brandenberger the benefit of the inferences to which he is entitled at the pleadings stage, his complaint's allegations are sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983, if the railroad security officer who allegedly used excessive force on him acted under color of state law.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law," and if the defendant did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961).

As a general rule, private security guards are not state actors. *United States v. Shahid,* 117 F.3d 322, 324 (7th Cir. 1997) (private mall security force was not a state actor

because the guards exercised no "police powers"); *Wade v. Byles*, 83 F.3d 902, 906 (7th Cir. 1996) (private security guard operating under a contract with the Chicago Housing Authority was not a state actor); *Stanley,* 475 F. Supp. 2d at 1038 (store security guard was not a state actor for purposes of § 1983); *Allen,* 47 F. Supp. 2d at 610 (mall security guards were not state actors). There are, however, circumstances in which a private security guard may act under color of state law. *United States v. Hoffman*, 498 F.2d 879, 881 (7th Cir. 1984) (railroad police who were also vested, by state statute, with power of city police acted under color of state law when they beat vagrants).

Indiana Code 8-3-17-1 *et seq.* contains provisions allowing railroad police to be appointed and states that "[e]very policeman who is appointed and commissioned as provided in this chapter shall have, exercise, and possess, throughout Indiana, while engaged in the discharge of the officer's duties as a policeman, the powers of sheriffs, marshals, constables, and municipal police officers, except in the service of civil process." IND. CODE § 8-3-17-2(b). If the railroad security officer who arrested Brandenberger was a railroad police officer under the provisions of this statute, he may be a state actor.

While it may turn out that the security guard who Brandenberger alleges abused him was not a state actor, giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of the proposition that the railroad security officer acted under color of state law when he used excessive and unnecessary force in effectuating Brandenberger's arrest. Accordingly, the court will afford the plaintiff the opportunity to file an amended

5

complaint naming the railroad security officer who he alleges abused him as the defendant.

For these reasons, the court **AFFORDS** the plaintiff until July 9, 2010, within which to file an amended complaint naming as the defendant the railroad security officer who he alleges abused him. The court **DIRECTS** the clerk to enclose a copy of this court's form § 1983 complaint, summonses, and a USM-285 form with the copy of this order sent to the plaintiff.

**SO ORDERED.**

Date: June 7, 2010

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT